1  ANDREW DOSA (SBN 113106)
   Law Office of Andrew Dosa
2  1516 Oak Street, Suite 310
   Alameda, CA 94501
3  (510) 865-1600

4  SPENCER D. FREEMAN (pro hac vice)
   Freeman Law Firm, Inc.
5  1107 1/2 Tacoma Avenue South,
   Tacoma, Washington 98402
6  (253) 383-4500
   Attorneys for Plaintiffs
7
   JOHN A. LAVRA (SBN 114533)
8  Longyear, O'Dea and Lavra, LLP
   3620 American River Drive, Suite 230
9  Sacramento, CA 95864
   (916) 974-8500
10 Attorneys for Defendant

11

12                **UNITED STATES DISTRICT COURT**

13                **EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CRIME, JUSTICE & AMERICA, INC., a California Corporation; and RAY HRDLICKA, an individual | CASE NO.: 2:08-cv-00394-GEB-EFB |
| Plaintiffs, | **JOINT STATUS REPORT** **[Local Rule 240]** |
| vs. | **Date: 10/29/12** **Time: 9:00 a.m.** **Judge: Honorable Garland E. Burrell** |
| JOHN McGINNESS, in his official capacity of Sheriff of the County of Sacramento, California, | |
| Defendant. | |

        COMES NOW, the Plaintiffs Crime, Justice & America, Inc. and Ray Hrdlicka; and

Defendant John McGinness, by and through their respective Counsel, and file this Joint Status

Report and Discovery Plan with the Court.

                                    **INTRODUCTION**

        This case was originally filed on February 22, 2008 and assigned to the Honorable Frank

C. Damrell. Defendant John McGinness filed his answer on April 9, 2008. The parties

previously filed a joint status report on June 19, 2008 and Judge Damrell issued a pre trial

scheduling order on June 29, 2008.  Plaintiffs are the publishers of a magazine, Crime Justice & America.  The magazine contains articles related to criminal law, criminal procedures, and rights of arrestees and prisoners as well as advertisements related to bail bond services.  Defendant, John McGinness is the former Sheriff of Sacramento County.  Plaintiffs allege that in May 2005 Defendant violated their First Amendment rights by allegedly refusing to deliver unsolicited copies of the magazine to inmates at the Sacramento County Jail. Plaintiffs' complaint seeks injunctive relief ordering the Defendant to accept and distribute its magazine at the Sacramento County Jail.

On April 14, 2009, Defendant filed a motion for summary judgment. On August 3, 2009, the court granted the motion for summary judgment.  Thereafter, Plaintiffs filed an appeal with the Ninth Circuit Court of Appeals on September 2, 2009.  The matter was heard in oral argument on May 13, 2010.  On January 31, 2011, the Ninth Circuit Court of Appeal issued its decision overturning the granting of the summary judgment motion.  Defendant then petitioned the United States Supreme Court for a Writ of Certiorari, which was denied in February 2012.

On September 11, 2012, the court set this matter for a pre trial scheduling conference, and ordered the parties to file this joint status report. Pursuant to Local Rule 240, the parties submit the following joint status report.

**A. SERVICE OF PROCESS**

The court previously held that all named defendants at the time had been served and no further service was permitted without leave of court, good cause having been shown.

**B. JURISDICTION OF VENUE**

The parties previously stipulated that jurisdiction of venue are not disputed.  The court previously ordered that jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1338(b), and 42 U.S.C. § 1983, and venue pursuant to 28 U.S.C. § 1391(b)(c) and (d).  This order still applies.

**C. JOINDER OF PARTIES AND AMENDMENT OF THE PLEADINGS**

Plaintiff seeks to file an Amended Complaint, or an amendment to the pleadings, naming an additional party, additional allegations, and additional legal claims.  The Plaintiff proposes to add as an additional party the current Sheriff of Sacramento County, Scott Jones, to amend the

pleadings to state two additional causes of action for violation of due process and equal protection, and to add monetary claims for nominal damages, compensatory damages, and punitive damages. Defendant opposes the amendment. Plaintiff will file the Motion on or before December 15, 2012.

### D.   FORMULATION OF SIMPLIFICATION OF ISSUES

There are no procedures relevant to this case for the formulation and simplification of issues.

### E.  ANTICIPATED MOTIONS

Plaintiff anticipates filing a Motion to Amend.

Plaintiff anticipates filing a Motion For Judgment On Remand.

Plaintiff anticipates filing a Motion For Summary Judgment.

Defendant anticipates filing a motion for summary judgment and/or summary adjudication.

The parties request that the court set a schedule so that all dispositive motions are heard no later than February 3, 2014.

### F.        DISCOVERY

The parties initially had a discovery plan in place which was adopted by the previous scheduling order. After remand, the parties agree as follows:

**1.   Fed. R. Civ. P. 26(a) Disclosures**

The parties initially completed disclosures on August 1, 2008. Due to the passage of time, the parties will file updated disclosures no later than December 3, 2012.

**2.   Additional Discovery**

Discovery closed under the prior scheduling order on June 26, 2009. Due to the passage of time, and the anticipated trial and pre trial dates, the parties request that a new discovery cutoff date be ordered. The proposed date is set forth below.

**3.   Changes on Limitation of Discovery**

The parties believe that there is any reason to deviate from the discovery limits of the Federal Rules of Civil Procedure. The parties do not believe that it will be necessary to schedule discovery conferences, unless a party refuses to properly respond to discover.

**G. EXPERT WITNESS DISCLOSURES**

The parties request that the court set the date for expert witness disclosure for July 1, 2013 and any rebuttal experts on July 15, 2013.

**H. PROPOSED DATE FOR DISCOVERY CUT OFF**

The parties agree that discovery be completed by October 1, 2013.

**I. DATES FOR FURTHER PROCEEDINGS**

All law and motion to be completed by November 1, 2013. Pre-Trial Conference to occur on February 3, 2014 with trial to commence on June 2, 2014.  The parties estimate a five (5) day trial

**J. MODIFICATION OF STANDARD PRE TRIAL PROCEDURES**

None.

**K. APPROPRIATENESS OF AN ORDER FOR A SEPARATE TRIAL**

This case is not appropriate for an order for separate trial.

**L. PROSPECTS FOR SETTLEMENT**

The parties believe that a settlement conference before trial may be appropriate, depending on the outcome of motions and discovery.  However, the parties request that the court order that any further settlement conference be determined upon the request of a party or parties.

**M. ADR**

The parties do not believe that this matter is appropriate at this point for the District's VDRP or other alternative dispute resolution procedures.

**N. RELATED CASES**

This case is related to the case of <u>Crime Justice & America et al. vs. Perry L. Reniff</u> Case number 2:08-cv-00343-GEB-EFB.

Respectfully Submitted,

Date:  October 12, 2012         */s/ Spencer D. Freeman*
                         By:   SPENCER D. FREEMAN (pro hac vice)
                               Freeman Law Firm, Inc.
                               Attorneys for Plaintiffs

1  Date:  October 12, 2012

             */s/ John A. Lavra*
2           By: JOHN A. LAVRA
              Longyear, O'Dea & Lavra LLP
3             Attorney for Defendant