1

2

3

4

5

6

7

8                   IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  CRIME, JUSTICE & AMERICA, INC.,    )
    a California corporation; and      )    2:08-cv-00394-GEB-EFB
12  RAY HRDLICKA, an individual,       )
                                       )
13                      Plaintiffs,    )    ORDER GRANTING MOTION FOR
                                       )    LEAVE TO FILE AMENDED
14             v.                      )    COMPLAINT AND DENYING MOTION
                                       )    TO JOIN PARTY
15  SCOTT JONES, in his official       )
    capacity of Sheriff of the         )
16  County of Sacramento,              )
    California,*                       )
17                                     )
                        Defendant.     )
18  _____)

19          Plaintiffs move under Federal Rule of Civil Procedure ("Rule")

20  20(a)(2) for an order joining the present Sheriff of the County of

21  Sacramento, Scott Jones, as a Defendant. (Mot. 14:14—15:2.) However,

22  this portion of Plaintiffs' motion is denied since current Sheriff Scott

23  Jones is already the Defendant in this action under Rule 25(d). See Fed.

24  R. Civ. P. 25(d) ("[W]hen a public officer who is a party in an official

25  capacity . . . ceases to hold office while the action is pending[, t]he

26  _____

27          *  The name of the Defendant in the caption has been changed under
    Federal Rule of Civil Procedure 25(d), which automatically substitutes
28  a successor public officer when a public officer sued in his official
    capacity ceases to hold office.

                                       1

1 | officer's successor is automatically substituted as a party."); see also

2 | Brandon v. Holt, 469 U.S. 464, 470 (1985) (recognizing the same).

3 |         Plaintiffs also move under Rules 16(b)(4) and 15(a)(2) for

4 | "leave to amend the Complaint to add claims for violations of due

5 | process[,] equal protection," and  damages. (Mot. 1:24—25.) Defendant

6 | opposes Plaintiffs' motion to amend the complaint, arguing that

7 | Plaintiffs have not established good cause justifying the amendment as

8 | required under Rule 16. "Rule 16(b)'s 'good cause' standard primarily

9 | considers the diligence of the party seeking the amendment. . . . If

10 | that party was not diligent, the inquiry should end." Johnson v. Mammoth

11 | Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Defendant contends

12 | Plaintiffs did not exercise due diligence because Plaintiffs waited to

13 | seek leave to amend the complaint until after a decision was issued on

14 | the summary judgment motion. (Opp'n 7:19—8:9.) Plaintiffs argue they

15 | could neither seek amendment earlier nor comply with the Status

16 | (Pretrial Scheduling) Order because Defendant failed to disclose the

17 | bases for Plaintiffs' proposed claims until over nine months after the

18 | close of the period for amendments and until two weeks before the

19 | deadline for Plaintiffs' opposition to Defendant's summary judgment

20 | motion, at which point "Plaintiffs' focus and efforts were on the

21 | summary judgment motion." (Reply 6:26—27.) Defendant fails to

22 | sufficiently controvert Plaintiffs' position on this matter, and

23 | therefore, given an "overall evaluation of [t]he rights of the parties,

24 | the ends of justice, and judicial economy," Defendant has not shown that

25 | Plaintiffs failed to satisfy the good cause standard. United States v.

26 | Dang, 488 F.3d 1135, 1143, 1142 (9th Cir. 2007) (affirming modification

27 | of the schedule based on the district court's "overall evaluation of

28 | [t]he rights of the parties, the ends of justice, and judicial economy"

1  even though plaintiff could have sought leave to amend earlier)

2  (internal quotation marks omitted).

3           Defendant additionally contends under Rule 15 that he would be

4  unfairly prejudiced by the addition of Plaintiffs' claims because he

5  "may be unable to identify and/or locate witnesses with knowledge of

6  incidents occurring approximately eight (8) years earlier, witness

7  recollection may now be unclear, and relevant documents may be lost or

8  destroyed." (Opp'n 14:26–28.) However, Defendant has not sustained his

9  "burden of showing prejudice" from Plaintiffs' proposed amendments, DCD

10 Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987), which

11 come at this late date largely due to Defendant's own delay in

12 disclosing the bases for Plaintiffs' proposed claims. Nor—despite his

13 separate arguments concerning bad faith, futility and unfair delay—has

14 Defendant made a strong showing under any of these factors. See Eminence

15 Capital LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir 2003) ("Absent

16 prejudice, or a strong showing of any of the remaining Foman factors,

17 there exists a *presumption* under Rule 15(a) in favor of granting leave

18 to amend.").

19          Therefore, Plaintiffs' motion for leave to amend the complaint

20 is granted, except for the portion in which they seek to recover

21 punitive damages from Defendant in his official capacity. (See ECF No.

22 60-1, Ex. A, 12:12–13; Reply 15:1–10.) This portion of the request is

23 denied since an official sued in his official capacity is not liable for

24 punitive damages. Mitchell v. Dupnik, 75 F.3d 517, 527 (9th Cir. 1996);

25 Shoshone-Bannock Tribes v. Fish & Game Comm'n, 42 F.3d 1278, 1284 (9th

26 Cir. 1994). Plaintiffs have ten (10) days leave from the date on which

27 //

28 //

1  this Order is filed to file the amended complaint referenced in this

2  Order.

3  Dated:  January 10, 2013

4

5  _____

   GARLAND E. BURRELL, JR.

6  Senior United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4