UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRIME, JUSTICE & AMERICA, INC., a California Corporation; and RAY HRDLICKA, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>SCOTT JONES, in his official capacity as Sheriff of the County of Sacramento, California,<br><br>Defendant. | No. 2:08-cv-00394-TLN-AC<br><br>**ORDER** |

This matter is before the court on Plaintiffs' Motion for a Preliminary Injunction. (ECF No. 78.) Defendant has filed an opposition to the motion, (ECF No. 86), and Plaintiffs a reply, (ECF No. 87). Finding that oral argument would not be of material assistance, *see* E.D. Cal. L.R. 230(g), the matter was submitted on the briefs, (ECF No. 89). The Court has carefully considered the arguments presented by both parties. For the reasons set forth below, Plaintiffs' Motion for a Preliminary Injunction is DENIED.

**BACKGROUND**

Plaintiffs are publishers of *Crime, Justice & America* magazine, a quarterly publication with content germane to inmates awaiting trial. The magazine also includes advertisements for

bail bondsmen and criminal-defense attorneys, and it is usually distributed—with cooperation from local jails—to inmates in custody.  In this case, Plaintiffs asked Sacramento County Jail to distribute their magazine to the inmates, and Sacramento County Jail officials refused.  Plaintiffs brought this lawsuit in February of 2008 seeking a declaratory judgment affirming their right to distribute their magazine in the Sacramento County Jail and an injunction enjoining the Sacramento County Sheriff from prohibiting the distribution of the magazine.  (ECF No. 1.)

After the case was remanded from the Ninth Circuit,[1] Plaintiffs and Defendant engaged in settlement discussions, and Defendant told Plaintiffs the Sacramento Main Jail would accept copies of *Crime, Justice & America* magazine. (Decl. Amanda L. McDermott, Ex. 4, Decl. John A. Lavra ¶¶ 4–10, ECF No. 86-1.)  Plaintiffs, however, point to evidence which, they argue, establishes that the magazines are not in fact being distributed to inmates at the Sacramento County Jail.  Specifically, Plaintiff Ray Hrdlicka declares he usually expects "to receive letters from inmates immediately as well as receive confirmation from advertisers of inmate collect calls"; however, after the initial mailing, no letters or confirmations from advertisers were received for nearly eight weeks.  (Decl. Hrdlicka ¶¶48–52, ECF No. 80.)  Moreover, Plaintiff Hrdlicka sent letters to 130 inmates who were in Sacramento County Jail at the time and to whom the magazine had been directly mailed.  (*Id.* ¶ 58.)  Plaintiff received "47 declarations from inmates who each declared that they did not receive the magazine that was sent to them."  (*Id.* ¶ 59.)  Defendant counters with a declaration from the mailroom deputy at Sacramento County Jail, who declares that he "always delivered the publication and allowed the receiving inmate to decide whether to keep it or throw it away."  (Decl. McDermott, Ex. 1, Decl. Alfonso Ceja ¶ 11, ECF No. 86-1.)

Believing that *Crime, Justice & America* magazine was not being distributed to inmates, Plaintiffs now move for a preliminary injunction.

**STANDARD**

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear

---

[1] The factual background of this case is set forth in greater detail in the Ninth Circuit's opinion, *Hrdlicka v. Reniff*, 631 F.3d 1044 (9th Cir. 2011).

showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). Under Federal Rule of Civil Procedure 65, a court may issue a preliminary injunction to preserve the relative positions of the parties pending a trial on the merits. *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20.

Further, the Ninth Circuit has held that the "sliding scale test for preliminary injunctions remains viable after the Supreme Court's decision in *Winter*." *Alliance for the Wild Rockies*, 632 F.3d 1127, 1134 (9th Cir. 2011). Under this test, the plaintiff must "make a showing on all four prongs" of the *Winter* test to obtain an injunction; however, if a plaintiff establishes a "balance of hardships tip sharply in the plaintiff's favor" and "serious questions going to the merits," a preliminary injunction may issue on a lesser showing of irreparable injury and that the injunction is in the public interest, so long as the court considers all four factors. *Id.* at 1135 (citing *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc)). However, the court need not reach the other prongs if the plaintiff cannot as a threshold matter demonstrate at least a "fair chance of success on the merits." *Pimental v. Dreyfus*, 670 F.3d 1096, 1111 (9th Cir. 2012) (quoting *Guzman v. Shewry*, 552 F.3d 941, 948 (9th Cir. 2008)).

## ANALYSIS

Plaintiffs seek an order compelling Defendant, Sheriff of Sacramento County, to "distribute *Crime, Justice & America* to inmates at Sacramento County Jail as mailed in and addressed to individual inmates." (ECF No. 87-1, at 2:8–10.) As such, Plaintiffs request a mandatory preliminary injunction. "When a mandatory preliminary injunction is requested, the district court should deny such relief unless the facts and law clearly favor the moving party." *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994); *accord Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150, 1160 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 756 ("[A] mandatory injunction is particularly disfavored. In general, mandatory

injunctions are not granted unless extreme or very serious damage will result[,] and are not issued in doubtful cases."). Moreover, a district court should also weigh a party's delay in seeking a preliminary injunction in balancing the equities as part of the analysis to decide whether a preliminary injunction should issue. *W. Watersheds Project v. Salazar*, 692 F.3d 921, 923 (9th Cir. 2012) ("The District Court also properly exercised its discretion in weighing Appellant's delay in seeking a preliminary injunction . . . among the equitable factors.").

      Here, Plaintiffs waited to file a motion for a preliminary injunction until after five years of litigation had elapsed. Moreover, the Ninth Circuit has previously held in this case there exist genuine disputes of material fact whether the Sacramento County Jail had legitimate penological concerns that distributing *Crime, Justice & America* magazine would "adversely affect prison security," *Hrdlicka v. Reniff*, 631 F.3d 1044, 1052 (9th Cir. 2011), since inmates may be more likely to use unsolicited, unrequested periodicals to clog toilets and windows. *See Prison Legal News v. Cook*, 238 F.3d 1145, 1150 (9th Cir. 2001) ("The only question is whether prison administrators reasonably could have thought the regulation would advance legitimate penological interests."). Although Plaintiffs are correct that the standards on summary judgment and for a preliminary injunction "are . . . different," (Pls.' Reply to Opp'n of Mot. for Prelim. Inj. 10:6–7, ECF No. 87), after review of Plaintiffs' motion and attached supporting evidence, the Court finds that Plaintiff has not demonstrated that "the facts and law clearly favor" its position such that Plaintiffs have established a likelihood of success on the merits. *Stanley*, 13 F.3d at 1320; *see also Pimental*, 670 F.3d at 1111 (holding a court need not reach the other prongs of the *Winter* test if the plaintiff cannot as a threshold matter demonstrate at least a "fair chance of success on the merits"). Moreover, granting Plaintiffs the "extraordinary remedy" they seek, *Winter*, 555 U.S. at 20—an order mandating that the Sacramento County Jail distribute their publication—seems particularly problematic here since the jail officials themselves declare they are already distributing the magazine and will continue to do so until a final determination on the merits. *Cf. Ragsdale v. Turnock,* 841 F.2d 1358, 1365 (7th Cir. 1988) ("[C]essation of the allegedly illegal conduct by government officials has been treated with more solicitude by the courts than similar action by private parties."). Considering the foregoing together with

Plaintiff's delay in seeking a preliminary injunction—more than five years since this litigation began—Plaintiffs have not "satisfied . . . the heightened standard [the Ninth Circuit] ha[s] adopted with respect to mandatory injunctions." *Park Vill. Apartment Tenants Ass'n*, 636 F.3d at 1161.

## CONCLUSION

Based on the foregoing, Plaintiffs' motion for a preliminary injunction (ECF No. 78) is DENIED.

IT IS SO ORDERED

Dated: December 9, 2013

Troy L. Nunley
United States District Judge